IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROD GARRETT BORGERSEN, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-1271-P-BN |
| WILLIAMS STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institution Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rod Garrett Borgersen, appearing *pro se,* has filed a motion for default judgment against Respondent in this habeas case filed under 28 U.S.C. § 2254. As grounds for his motion, Petitioner contends that Respondent did not timely file an answer to his application for writ of habeas corpus. Petitioner is mistaken. On March 28, 2013, the Court ordered Respondent to answer or otherwise plead by May 27, 2013. *See* Dkt. No. 8. Respondent timely filed an answer on May 23, 2013. *See* Dkt. No. 11.

The Court notes that "[m]any courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." *Beall v. Cockrell*, 174 F. Supp. 2d 512, 517 (N.D. Tex. 2001). The Court need not cross that bridge here, however, because Respondent is not in default. *See* FED. R. CIV. P. 55(a).

Accordingly, Petitioner's motion for default judgment [Dkt. No. 13] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE