IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROD GARRETT BORGERSEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1271-P-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rod Garrett Borgersen, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

## Background

In 1993, Petitioner was convicted of burglary of a building, burglary of a habitation, and two counts of unlawful possession of a controlled substance, for which he was sentenced to three terms of 25 years imprisonment and one term of 20 years imprisonment, to be served concurrently. He was released to parole by the Texas Board of Pardons and Paroles on September 14, 2000.

On March 18, 2002, while he was still under Texas parole, Petitioner was convicted of being a felon in possession of ammunition and sentenced to 96 months in federal custody. While serving this term, authorities of the Texas Department of

Criminal Justice ("TDCJ") notified the Bureau of Prisons that Petitioner was subject to supervision until April 6, 2018 and requested notice of when Petitioner was scheduled for release or transferred to another facility, community facility, or home confinement.

Petitioner was released from federal custody on November 28, 2008. Just two months later, a warrant was issued because Petitioner violated the terms of his parole. He was returned to TDCJ custody on April 19, 2010.

His parole was subsequently revoked, and eight years, 11 months, and two days of "street time" was forfeited under Texas statute. In calculating the time remaining on his sentences after revocation, the TDCJ did not credit petitioner for time accrued while out on parole – even the period in which he was incarcerated in the custody of the BOP.

Petitioner challenged this decision through the prison dispute resolution process and in applications for state post-conviction relief. His request for administrative review was denied, and his state writs were denied without written order.

Petitioner then filed this action in this Court. In three grounds for relief, Petitioner contends that he was improperly denied time credit for 69 days spent in county custody while awaiting a parole revocation hearing, that he should have received time credit for his federal imprisonment, and that the failure of the Board of Pardons and Paroles to release him to mandatory supervision or discharge him from custody and supervision constitutes a violation of his due process rights.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state

court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

## Analysis

"Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits." *Coker v. Thaler,* 670 F. Supp.2d 541, 546 (N.D. Tex. 2009). Respondent urges the Court to find two claims contained in Petitioner's application for habeas relief barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 11 at 7-12. The Court need not decide this procedural issue because Petitioner is not entitled to federal habeas relief in any event.

<u>Detention Pending Parole Revocation Proceedings</u>

Petitioner contends that he was improperly denied time credit for two periods spent in Victoria County's custody while awaiting a parole revocation hearing – the 69 days from May 22, 2001 to June 12, 2001 and July 11, 2001 to August 29, 2001. However, Respondent has provided evidence to establish that Petitioner was granted credit for these two periods of detention. *See* Dkt. No. 11-1 at 3. That is, upon the revocation of his parole in 2010, Petitioner only forfeited "good time" credit for the periods between September 14, 2000 and May 22, 2001, the period of his release from state custody until the first parole warrant was executed in Victoria County; from June 13, 2001 through July 10, 2001; and from August 30, 2001 through October 24, 2009, the period of time from the withdrawal of both pre-revocation warrants until the most

-4-

recent pre-revocation warrant was executed in Citrus County, Florida. *See id.* In his reply brief, Petitioner does not dispute or disprove that he has been awarded this credit. *See* Dkt. No. 17.

Without an actual injury that may be redressed by a favorable judicial decision, this claims is moot, and the Court lacks jurisdiction to consider it. *See French v. Thaler*, No. 3:09-cv-2300-M-BH, 2010 WL 1406321, at *1-*2 (N.D. Tex. Mar. 19, 2010) (citing cases), *rec. adopted*, 2010 WL 1406233 (N.D. Tex. Apr. 7, 2010) (denying as moot a Petitioner's habeas claim seeking "street time" credit that had already been awarded). Therefore, this claim should be denied.

Credit for Federal Imprisonment

Petitioner also asserts that he is entitled to sentence credit for his entire federal sentence pursuant to Texas Code of Criminal Procedure Article 42.03, § 2(a), because he was under the "constructive custody" of the State of Texas during his federal prison term.[1] Article 42.03, § 2(a) states that a Texas prisoner shall receive credit "for the time that the defendant has spent ... in jail for the case, ... excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a).

However, Petitioner is not entitled to relief. The record is clear that after his

---

[1] "There is no federal constitutional right to time credit for any period of confinement pending a state parole revocation." *Haas v. Woods,* No. 3:99-cv-2734-BD, 2003 WL 22327872, at *5 (N.D. Tex. Oct. 9, 2003) (citing *Jackson v. Alabama,* 530 F.2d 1231, 1236-37 (5th Cir. 1976)).

release to parole, petitioner was no longer "in jail for the case," as that term is defined under Texas law. *See Ex parte Bynum,* 772 S.W.2d 113, 114 (Tex. Crim. App. 1989) ("When a person is confined, either physically or constructively, by another jurisdiction, he is confined on 'said' cause only if a detainer or 'hold' is lodged against him by that jurisdiction"); *see also Haas v. Woods,* No. 3:99-cv-2734-BD, 2003 WL 22327872, at *5-*6 (N.D. Tex. Oct. 9, 2003) (citing cases). That is because Article 42.03, § 2(a) does not apply in the context of a parole revocation, because a parolee has already been sentenced by the trial court "for the case" and the revocation merely returns the parolee to actual, physical custody to serve out the remainder of his original sentence. *See id.* at *5. Because Petitioner was not subject to a pre-revocation warrant for the term of his federal sentence, there is no state-created right to sentence credit. *See id.* at *6.

Petitioner has not established that he was constructively or physically confined, because no "hold" or "detainer" was lodged against him. Instead, the habeas record indicates that, on June 18, 2002, the Bureau of Prisons contacted the TDCJ to determine whether the TDCJ wished to lodge a detainer. *See* Dkt. No. 10-21 at 47. In response, the TDCJ indicated that Petitioner was released on parole on September 14, 2000, was subject to supervision until April 6, 2018, and requested <u>notification</u> when Petitioner was scheduled for release or transferred to another facility, community facility, or home confinement. *See id.* at 48 ("OUR INTEREST IS SUPERVISION ONLY"). The BOP notified the TDCJ that Petitioner would be released on November 28, 2008, *see id.* at 37-38, but Petitioner was not returned to TDCJ custody, and no

warrant was issued until a pre-revocation warrant was issued on February 4, 2009, *see id.* at 51. Because no detainer was lodged against Petitioner, he was not in the actual or constructive custody of the TDCJ for purposes of Texas law. *See Russo v. Johnson*, 129 F. Supp. 2d 1012, 1019 (S.D. Tex. 2001).

Petitioner has not established that the state habeas courts' denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented.

Denial of Release to Mandatory Supervision and Discharge

In his final ground for relief, Petitioner claims that his due process rights have been violated because his "street time" and "flat time" credit, including the 69 days that he was in the custody of Victoria County and the six years that he was in federal custody, push him past both his mandatory supervision release date and his maximum discharge date. But Petitioner was already credited with the time spent subject to a pre-revocation warrant, and he is not entitled to TDCJ credit for his federal imprisonment. He has provided no evidence to suggest that he is eligible for release or that his constitutional rights have been violated by his continued incarceration.

Petitioner has not established that the state habeas courts' denial of this claim was unreasonable in any way.

### Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE